UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANTHONY SOLIS,

                        Plaintiff,

          -against-

GUARD MANAGEMENT SERVICE CORP., 666
FIFTH ASSOCIATES LLC, LOCAL 32BJ, SERVICE
EMPLOYEES INTERNATIONAL UNION, and
PATRICK BUSGITCH,

                      Defendants.

----------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

     The Plaintiff, Anthony Solis (hereinafter "Plaintiff" or "Solis"), by and through his attorneys, Shalom Law, PLLC, alleges and states as follows:

## PRELIMINARY STATEMENT & NATURE OF THE ACTION

     1.    The Plaintiff brings this action against Guard Management Service Corp. (hereinafter "GMSC"), 666 Fifth Associates LLC (hereinafter "666 Fifth") (GMSC and 666 Fifth collectively hereinafter the "Employer"), Local 32BJ, Service Employees International Union (hereinafter "Local 32BJ" or the "Union"), and Patrick Busgitch (hereinafter "Busgitch" or the "Individual Defendant") (the Employer, the Union, and the Individual Defendant collectively hereinafter the "Defendants") for violations of the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. §§ 12101, *et seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), New York Executive Law § 296(1)(a), the New York City Human Rights Law (hereinafter "NYCHRL"), New York City Administrative Code § 8-107(1)(a), Families First Coronavirus Response Act (hereinafter "FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020) and the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 185, *et seq.*

2.     This is an action seeking damages: (i) against GMSC, 666 Fifth, and Busgitch for discrimination and retaliation against the Plaintiff for exercising his statutory rights to job-protected leave, for their failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation, for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment and after the coronavirus pandemic occurred for availing himself of his rights, and for breach of contract, namely, the collective bargaining agreement ("CBA") between GMSC and/or 666 Fifth and Local 32BJ; and (ii) against the Union for breach of contract arising out of its failure to meet its duty of fair representation required by the CBA and under the law.

## PARTIES

3.     Plaintiff is a citizen of the State of New York, currently residing in the County of Bronx within the State of New York.

4.     Plaintiff was an employee of GMSC and 666 Fifth, as defined by the FMLA, ADA, NYSHRL, NYCHRL, FFRCA, and LMRA, as he worked for GMSC and 666 Fifth under the supervision of Busgitch at all relevant times from in or about 2012 through March 2020.

5.     Defendant GMSC is a New York corporation with its corporate headquarters in Paramus, New Jersey.  GMSC maintains offices and does business in, among other places, New York County within the State of New York.   GMSC is an employer as defined by the FMLA, ADA, NYSHRL, NYCHRL, FFRCA, and LMRA.

6.     Upon information and belief, 666 Fifth is a New York foreign limited liability company with its corporate headquarters in Delaware.  666 Fifth maintains offices and does business in, among other places, New York County within the State of New York.  666 Fifth is an employer as defined by the FMLA, ADA, NYSHRL, NYCHRL, FFRCA, and LMRA

7.     Local 32BJ is an unincorporated association with the meaning of New York General Associations Law (hereinafter "GAL") and a labor organization within the meaning of the New York Labor Law ("NYLL") and the LMRA, whose main office is located at 25 West 18th Street, New York, NY 10011-4601.

8.     Local 32BJ is the duly recognized bargaining agent of employees, including the Plaintiff, within the bargaining unit defined by the applicable CBA between GMSC and/or 666 Fifth and Local 32BJ.

9.     Upon information and belief, Busgitch is a citizen of the State of New York, currently residing in the County of New York.  Busgitch was at all relevant times an agent of Defendants GMSC and 666 Fifth who had supervisory authority over Plaintiff.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617), the ADA, the FFRCA, and the LMRA.

11.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices were committed in the Southern District of New York.

13.     In or about January 2020, Plaintiff filed through his Local 32BJ representative a grievance arising out of his termination (as detailed further *infra*) on or about January 4, 2020.

14.     In mid-March 2020, Plaintiff was notified by Local 32BJ that he would be reinstated once certain paperwork had been prepared and signed.

15.     However, Plaintiff never received any paperwork from GMSC, 666 Fifth, or Local 32BJ and was told that he was terminated again in early May 2020 for Plaintiff's failure to sign paperwork he had never received.

16.     In addition, although the CBA requires discrimination claims to be decided in accordance with the grievance and arbitration mechanism provided for within it, the Union has failed to process any grievance on behalf of the Plaintiff despite receiving notice of his intent to bring these claims in or about May 21, 2020.

17.     Moreover, pursuant to Article VIII and ¶ 4 of the No Discrimination Protocol of the CBA, Plaintiff provided notice to GMSC and/or 666 Fifth, the Union, and the Realty Advisory Board on Labor Relations, Inc. (hereinafter "RAB") of Plaintiff's intent to bypass the Protocol Process on the basis that good cause exists because Plaintiff reasonably believes the statute of limitations will run on his claims if he does not file suit on or before July 3, 2020.

18.     Further, Plaintiff has timely filed a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC"), which charge was duly filed with the New York State Division of Human Rights (hereinafter "NYSDHR") on July 2, 2020.

19.     Plaintiff awaits a Notice of Right to Sue and agrees to stay his claims under the ADA until the 180-day statutory conciliation period required by 42 U.S.C. § 2000e–5(f)(1) has elapsed.

20.     Plaintiff has otherwise fully complied with all prerequisites to jurisdiction in this Court under the ADA.

**FACTS**

21. For over eight (8) years, Plaintiff dedicated himself tirelessly to the performance of his duties as a security guard for the benefit of GMSC and 666 Fifth, and as a dues-paying member of Local 32BJ.

22. Throughout his eight (8) year tenure at GMSC and 666 Fifth, Plaintiff obtained exemplary performance reviews and has a virtually unblemished record of employment, rendering him qualified for his position.

23. Plaintiff was a dues-paying member of the subject bargaining unit of the CBA.

24. Though Plaintiff initially worked at a single site, later in his career, he was required to be a floater and work at various buildings rather than at a single site as he had previously done.

25. According to Article IV, § 4.1: (i) employees may not be discharged except for just cause; and (ii) upon request of the union, the employer shall give the union a written statement of the general grounds for discharge within a reasonable time not to exceed ten (10) business days after the discharge.

26. Upon information and belief, the Union never requested a written statement of the general grounds for discharge from the employer.

27. According to Article XXVI, §§ 26.2 and 26.3, if a dispute or difference covered by this Article cannot be resolved informally between the Union and GMSC and/or 666 Fifth, it shall be filed in writing within thirty (30) days of the date of any conduct or action alleged to violate the CBA, and a meeting shall be held no later than thirty (30) days after the filing of the written grievance.

28.    According to Article XXVI, § 26.4, all grievances not settled at the foregoing meeting shall be subject to arbitration before the Office of the Contractor Arbitrator.

29.    Unfortunately, in or about April 2014, Plaintiff was diagnosed with a deteriorating medical condition which required him to take time off to take care of his health.

30.    Specifically, Plaintiff was diagnosed with Type 1 Diabetes, and thus is a qualified individual with a disability under the ADA.

31.    As a result of Plaintiff's disability, major life activities were substantially limited.

32.    Though Plaintiff informed GMSC and 666 Fifth of his serious health condition and provided a doctor's note, upon information and belief, GMSC and 666 Fifth failed to inform Plaintiff of his eligibility for unpaid job-protected leave under the FMLA as required by law, nor did GMSC or 666 Fifth consider giving Plaintiff a reasonable accommodation consisting of unpaid leave beyond the twelve (12) week period offered under the FMLA (and failed to engage in the interactive process to address his request).

33.    Additionally, given Plaintiff's disability as a Type 1 Diabetic and the need for insulin injections on at least three occasions throughout a given day, Plaintiff requested to work as a security guard at only one of the Employer's building locations so that he may store and refrigerate his insulin at his specific work location. Plaintiff also requested a specific and set work shift and schedule as a reasonable accommodation for his disability.

34.    Yet, as his condition began to further deteriorate and without any effort from GMSC or 666 Fifth to engage in the interactive process, Plaintiff – at the direction of his doctors – took a leave of absence, and sought to return to work in December 2019.

35.     When no one at GMSC or 666 Fifth got back to him, Plaintiff followed up about returning to work again after the holidays and specifically complained to Busgitch that he was getting the "run around" because he had requested and taken leave.

36.     Plaintiff was then notified that he was terminated in early January 2020.

37.     Plaintiff immediately sought assistance from his union representative at Local 32BJ who, upon information and belief, filed a grievance.

38.     Upon information and belief, in mid-March 2020, Plaintiff's union representative at Local 32BJ met with GMSC and 666 Fifth formally or informally, outside the presence of Plaintiff, and subsequently notified Plaintiff that he had been reinstated.

39.     Specifically, Plaintiff's union representative at Local 32BJ told Plaintiff that he would have to sign certain reinstatement paperwork to begin working again.

40.     Unfortunately, in mid-March 2020, the coronavirus pandemic was sweeping the City of New York, and Plaintiff was under strict orders from his doctor not to return to work because his serious medical condition makes him extremely vulnerable to the coronavirus as he would not be healthy enough to survive the disease had he contracted it.

41.     Plaintiff provided this paperwork from his health care providers to GMSC and 666 Fifth such that they had notice of same.  Indeed, Plaintiff provided such paperwork to GMSC and 666 Fifth on or about January 14, 2020, March 17, 2020, April 6, 2020, and May 1, 2020.

42.     The above-referenced doctor's orders constituted advice to self-quarantine by a health care provider under the FFCRA.

43.     In early May 2020, Plaintiff reached out to GMSC and 666 Fifth to inquire about the reinstatement paperwork that he had yet to receive.

44.     GMSC and 666 Fifth responded that he had been terminated for failing to complete and sign these documents, despite the fact he had never received them, and although he had strict doctor's orders not to return to work due to his serious medical condition.

45.     To add insult to injury, Local 32BJ altogether failed to take any action to grieve Plaintiff's second termination; in fact, Local 32BJ only meekly informed Plaintiff he was terminated again and did absolutely nothing to rectify this injustice.

46.     Indeed, upon information and belief, more than thirty (30) days passed since the date of Plaintiff's January 2020 termination and more than thirty (30) days passed since the Union and the Employer met informally in mid-March 2020, and nothing has been done by the Union.

<strong>COUNT ONE</strong>

<strong>Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)</strong>

<strong>(against Defendants GMSC, 666 Fifth, and Busgitch)</strong>

47.     Plaintiff repeats and realleges paragraphs 1 through 46 hereof as if fully set forth herein.

48.     Defendants GMSC, 666 Fifth, and Busgitch are employers covered by the FMLA pursuant to 29 U.S.C. §2601, *et seq.*, because they are private businesses that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

49.     Plaintiff is an FMLA-eligible employee because he was employed by GMSC and 666 Fifth for seven years prior to requesting FMLA leave and been employed by GMSC and 666 Fifth for over 1,250 hours in the twelve (12) month period prior to his request.

50.     Plaintiff was entitled to FMLA leave because he suffered from a serious health condition that required him to take time off from work.

51.     In accordance with the FMLA, in June 2019, Plaintiff notified GMSC, 666 Fifth, and Busgitch of his serious health condition and need for time off due to same.

52.     Plaintiff was thus eligible for benefits under the FMLA.

53.     GMSC, 666 Fifth, and Busgitch engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff's rights provided under the FMLA.

54.     GMSC, 666 Fifth, and Busgitch denied Plaintiff a benefit to which he is entitled under the FMLA in that it refused to provide him with notice of his rights under the FMLA pursuant to 29 U.S.C. § 2615(a)(1).

55.     GMSC, 666 Fifth, and Busgitch discouraged Plaintiff from obtaining benefits by refusing to provide him with notice of his rights.

56.     GMSC's, 666 Fifth's, and Busgitch's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to his position.

57.     As a direct and proximate result of GMSC's, 666 Fifth's, and Busgitch's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

58.     Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO

### Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)

### (against Defendants GMSC, 666 Fifth, and Busgitch)

59.    Plaintiff repeats and realleges paragraphs 1 through 58 hereof as if fully set forth herein.

60.    Plaintiff exercised his FMLA rights by taking FMLA leave from his job from June 2019 through January 2020.

61.    Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

62.    Plaintiff suffered an adverse employment action in that he was subjected to wrongful termination.

63.    GMSC's, 666 Fifth's, and Busgitch's disparate treatment of Plaintiff began immediately when he sought leave and culminated in his termination when he sought restoration of his job upon returning from leave.

64.    GMSC's, 666 Fifth's, and Busgitch's decision to fire Plaintiff on January 4, 2020 occurred immediately after he sought restoration of his job.

65.    GMSC's, 666 Fifth's, and Busgitch's alleged reason for terminating Plaintiff's employment is pretextual and baseless.  They fired Plaintiff because he complained that they were not allowing him to return to work.

66.    GMSC's, 666 Fifth's, and Busgitch's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

67.     As a direct and proximate result of GMSC's, 666 Fifth's, and Busgitch's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

68.     Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT THREE

**Failure to Provide a Reasonable Accommodation in Violation of the ADA,**

**(42 U.S.C. §§ 12181, *et seq.*) (against Defendants GMSC, 666 Fifth, & Busgitch)**

69.     Plaintiff repeats and realleges paragraphs 1 through 68 hereof as if fully set forth herein.

70.     In June 2019, Plaintiff was diagnosed with Type 1 Diabetes making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

71.     In June 2019, Plaintiff notified Defendants GMSC, 666 Fifth, and Busgitch about his disability and requested a reasonable accommodation for leave and/or extended leave.

72.     GMSC, 666 Fifth, and Busgitch refused and failed to engage in the interactive process, effectively denied Plaintiff's request for extended leave, and summarily terminated him upon his request to return.

73.     Plaintiff suffered damages as a result of GMSC's, 666 Fifth's. and Busgitch's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

74.     GMSC, 666 Fifth, and Busgitch intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**COUNT FOUR**

**Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.***

**(against Defendants GMSC, 666 Fifth, & Busgitch)**

75.     Plaintiff repeats and realleges paragraphs 1 through 74 hereof as if fully set forth herein.

76.     Plaintiff was qualified for his position when GMSC, 666 Fifth, and Busgitch fired him.

77.     In early January 2020, Plaintiff engaged in protected activity by complaining to Busgitch about the discriminatory treatment he faced because of Plaintiff's disability and requests for reasonable accommodation.

78.     Specifically, Plaintiff told Busgitch that he believed no one was responding to him about returning to work because he had requested and taken leave.

79.     Only shortly after Plaintiff complained, GMSC, 666 Fifth, and Busgitch summarily fired Plaintiff on January 4, 2020 without stating why.

80.     GMSC's, 666 Fifth's, and Busgitch's alleged reason for terminating Plaintiff's employment is pretextual and baseless.  They fired Plaintiff because he complained of disability discrimination in early January 2020.

81.     Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

82.     Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are liable for punitive damages.

**COUNT FIVE**

**Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296**

**(against Defendants GMSC, 666 Fifth, & Busgitch)**

83.     Plaintiff hereby repeats and realleges paragraphs 1 through 82 of the Complaint as if more fully set forth herein.

84.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for an employer because of an individual's disability to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment. See N.Y. Exec. Law § 296(1)(a).

85.     Pursuant to the NYSHRL, any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate.  See N.Y. Exec. Law § 297(9).

86.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so.  See N.Y. Exec. Law § 296(6).

87.     Defendants GMSC, 666 Fifth, and Busgitch discriminated against Plaintiff in the terms and conditions of his employment because of his disability in violation of § 296(1)(a) of the NYSHRL.

88.     Plaintiff was disabled since in or about June 2019, and therefore is a member of a protected class under the NYSHRL.

89.     Defendants GMSC, 666 Fifth, and Busgitch engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

90.     As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296

### (against Defendants GMSC, 666 Fifth, & Busgitch)

91.     Plaintiff hereby repeats and realleges paragraphs 1 through 90 of the Complaint as if more fully set forth herein.

92.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified, or assisted in any proceedings under this article.  See N.Y. Exec. Law § 296(7).

93.     Plaintiff engaged in protected activity under the NYSHRL by opposing discriminatory conduct that would constitute a violation of the NYSHRL.

94.     Upon information and belief, Defendants GMSC, 666 Fifth, and Busgitch were aware of the protected activity.

95.     Defendants GMSC, 666 Fifth, and Busgitch undertook an adverse employment action against Plaintiff by terminating him.

96.     Defendants GMSC, 666 Fifth, and Busgitch undertook the adverse employment action against Plaintiff because he complained about not being reinstated to his position due to taking leave.

97.     As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SEVEN

**Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)**

**(against Defendants GMSC, 666 Fifth, & Busgitch)**

98.     Plaintiff hereby repeats and realleges paragraphs 1 through 97 of the Complaint as if more fully set forth herein.

99.     The NYCHRL provides that it shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived disability of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.  See N.Y.C. Admin. Code § 8-107(1)(a).

100.     Pursuant to the NYCHRL, an employer is liable for unlawful discriminatory practices based upon the conduct of an employee where the employee exercised managerial or supervisory responsibility or the employer knew of the employee's or agent's discriminatory conduct and acquiesced in such conduct or failed to take immediate and appropriate corrective action; further, an employer shall be deemed to have knowledge of an employer's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility, or the employer should have known of the

employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.  See N.Y.C. Admin. Code § 8-107(13).

101.    Pursuant to the NYCHRL, it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so.  See N.Y.C. Admin. Code § 8-107(6).

102.    Pursuant to the NYCHRL, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate.  See N.Y.C. Admin. Code § 8-502.

103.    Defendants GMSC, 666 Fifth, and Busgitch discriminated against Plaintiff because of his disability in violation of § 8-107(1)(a) of the NYCHRL.

104.    Plaintiff was disabled since in or about June 2019, and therefore is a member of a protected class under the NYSHRL.

105.    Defendants GMSC, 666 Fifth, and Busgitch engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

106.    As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT EIGHT

### Retaliation in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7)

### (against Defendants GMSC, 666 Fifth, & Busgitch)

107.    Plaintiff hereby repeats and realleges paragraphs 1 through 106 of the Complaint as if more fully set forth herein.

108.    Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate against any person because such person has opposed any practice forbidden under this chapter, filed a complaint, testified, or assisted in any proceeding under this chapter, commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to § 8-115 of this chapter.  See N.Y.C. Admin. Code § 8-107(7).

109.    Plaintiff engaged in protected activity under the NYCHRL by opposing discriminatory conduct that would constitute a violation of the NYCHRL.

110.    Upon information and belief, Defendants GMSC, 666 Fifth, and Busgitch were aware of the protected activity.

111.    Defendants GMSC, 666 Fifth, and Busgitch undertook an adverse employment action against Plaintiff by terminating him.

112.    Defendants GMSC, 666 Fifth, and Busgitch undertook the adverse employment action against Plaintiff because he complained about not being reinstated to his position due to taking leave.

113.    As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT NINE

### Interference in Violation of the FFCRA

### (against Defendants GMSC, 666 Fifth, & Busgitch)

114.    Plaintiff hereby repeats and realleges paragraphs 1 through 113 of the Complaint as if more fully set forth herein.

115.    Defendants GMSC and 666 Fifth are companies with less than five hundred (500) employees and are thus subject to the FFCRA.

116.    At all times, Defendant Busgitch was acting in an agency and representative capacity with GMSC and 666 Fifth.

117.    Plaintiff was eligible for sick leave and paid leave under the FFCRA.

118.    Plaintiff requested leave because he received advice to self-quarantine by his health care provider.

119.    GMSC, 666 Fifth, and Busgitch terminated Plaintiff and/or refused to reinstate Plaintiff because of the aforesaid protected activity.

120.    GMSC, 666 Fifth, and Busgitch unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

121.    GMSC's, 666 Fifth's, and Busgitch's conduct was not in good faith and they did not have reasonable grounds for believing it did not violate the FFCRA.

122.    GMSC's, 666 Fifth's, and Busgitch's conduct was willful and they intended to deprive Plaintiff of his rights under the FFCRA.

123.    GMSC, 666 Fifth, and Busgitch willfully interfered with and punished Plaintiff for exercising his rights under the FFCRA.

124.    GMSC, 666 Fifth, and Busgitch illegally terminated Plaintiff in violation of the FFCRA.

125.    There is a causal link between the adverse actions and the employment actions herein based on temporal proximity alone, as GMSC, 666 Fifth, and Busgitch terminated and/or failed to reinstate Plaintiff upon his production of doctor's notes advising him to self-quarantine.

126.    As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT TEN

### Retaliation in Violation of the FFCRA

### (against Defendants GMSC, 666 Fifth, & Busgitch)

127.    Plaintiff hereby repeats and realleges paragraphs 1 through 126 of the Complaint as if more fully set forth herein.

128.    Defendants GMSC and 666 Fifth are companies with less than five hundred (500) employees and are thus subject to the FFCRA.

129.    At all times, Defendant Busgitch was acting in an agency and representative capacity with GMSC and 666 Fifth.

130.    Plaintiff was eligible for sick leave and paid leave under the FFCRA.

131.    Plaintiff requested leave because he received advice to self-quarantine by his health care provider.

132.     Plaintiff was terminated and/or GMSC, 666 Fifth, and Busgitch refused to reinstate Plaintiff because of the aforesaid protected activity.

133.     GMSC, 666 Fifth, and Busgitch unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

134.     GMSC's, 666 Fifth's, and Busgitch's conduct was not in good faith and they did not have reasonable grounds for believing it did not violate the FFCRA.

135.     GMSC's, 666 Fifth's, and Busgitch's conduct was willful and they intended to deprive Plaintiff of his rights under the FFCRA.

136.     GMSC, 666 Fifth, and Busgitch willfully interfered with and punished Plaintiff for exercising his rights under the FFCRA.

137.     GMSC, 666 Fifth, and Busgitch illegally terminated Plaintiff in violation of the FFCRA.

138.     There is a causal link between the adverse actions and the employment actions herein based on temporal proximity alone, as GMSC, 666 Fifth, and Busgitch terminated and/or failed to reinstate Plaintiff upon his production of doctor's notes advising him to self-quarantine.

139.     As a proximate result of GMSC's, 666 Fifth's, and Busgitch's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT ELEVEN

## Breach of Contract & Duty of Fair Representation in Violation of LMRA § 301

### (against All Defendants)

140.     Plaintiff hereby repeats and realleges paragraphs 1 through 139 of the Complaint as if more fully set forth herein.

141.    GMSC, 666 Fifth, and Busgitch acted in violation of the CBA by terminating Plaintiff without just cause.

142.    GMSC, 666 Fifth, and Busgitch also violated the CBA by failing to pay Plaintiff in accordance with the wage schedule set forth in the CBA and by failing to record Plaintiff's time worked as required by the CBA such that Plaintiff was not paid for all time worked.

143.    Local 32BJ acted in an arbitrary and capricious manner and in bad faith without regard to the duty of fair representation owed to Plaintiff regarding Plaintiff's initial and subsequent termination by GMSC, 666 Fifth, and Busgitch.

144.    As a result of the Defendants' respective breaches, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C. Award to Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury

pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.


Dated: Forest Hills, New York

      July 2, 2020

                                      Respectfully submitted,

                                      **SHALOM LAW, PLLC**

                                      Jonathan Shalom, Esq.

                                      105-13 Metropolitan Avenue

                                      Forest Hills, NY 11375-6737

                                      (718) 971-9474

                                      Jshalom@JonathanShalomLaw.com

                                      **ATTORNEYS FOR PLAINTIFF**