UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY SOLIS,

                                         Plaintiff,

-against-

GUARD MANAGEMENT SERVICE CORP., 666 FIFTH ASSOCIATES LLC, LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION, and PATRICK BUSGITCH,

                                         Defendants.

Case No.:
1:20-cv-5105 (AKH) (SLC)

NOTICE OF MOTION

-------------------------------------------------------------------X

## NOTICE OF DEFENDANT LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR MOTION FOR SUMMARY JUDMENT FOR FAILURE TO EXHAUST CONTRACTUAL REMEDIES

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant's Motion To Dismiss Amended Complaint and/or Motion for Summary Judgment for Failure to Exhaust Contractual Remedies, Defendant Local 32BJ, Service Employees International Union ("SEIU 32BJ")  moves this Court, before the Honorable Alvin K. Hellersten, at the United States Courthouse, 500 Pearl St., New York, NY, for an Order dismissing with prejudice Count Eleven of Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure; in the alternative Defendant SEIU 32BJ requests an Order granting Defendant SEIU 32BJ summary judgment against Plaintiff under Rule 56, Fed. R. Civ. P.. Defendant SEIU 32BJ requests such other and further relief as the Court deems just and proper in the above-captioned case.

Dated:  September 9, 2020
       New York, NY

                                Respectfully submitted,

                                Brent Garren
                                Max Utzschneider
                                25 West 18th Street, 5th Floor
                                New York, NY 10011
                                bgarren@seiu32bj.org
                                mutzschneider@seiu32bj.org

                                *Attorneys for Defendant SEIU Local 32BJ*

UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
ANTHONY SOLIS,

                                                        Plaintiff,    Case No.:
                    -against-                                  **1:20-cv-5105 (AKH) (SLC)**

GUARD MANAGEMENT SERVICE CORP., 666 FIFTH ASSOCIATES LLC, LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION, and PATRICK BUSGITCH,

                                                       Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR MOTION FOR SUMMARY JUDMENT FOR FAILURE TO EXHAUST CONTRACTUAL REMEDIES**

## TABLE OF CONTENTS

**Page**

LEGAL STANDARD ............................................................................................................. 1

RELEVANT FACTS ............................................................................................................. 3

ARGUMENT ......................................................................................................................... 5

    I.    Failure to exhaust remedies available in a collective bargaining agreement is grounds for dismissal of a hybrid LMRA § 301 – duty of fair representation claim under either Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6) and 56. .......................................................................... 5

    II.    Solis has failed to exhaust the remedies available to him in the collective bargaining agreement and so his claim against SEIU 32BJ must be dismissed. ............................................................................................... 8

CONCLUSION .................................................................................................................... 11

ATTACHMENT:

    DECLARATION OF MELISSA CHAN IN SUPPORT OF DEFENDANT LOCAL 32BJ, SERVICE EMPLOYEE INTERNATIONAL UNION'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR MOTION FOR SUMMARY JUDMENT FOR FAILURE TO EXHAUST CONTRACTUAL REMEDIES

        Exhibit A - 2016 Security Officers Agreement
        Exhibit B - Grievance Initiation Letter
        Exhibit C - Arbitration Request Letter
        Exhibit D - Defendant's May 7, 2020 Letter to Plaintiff
        Exhibit E - July 20, 2020 Letter From Plaintiff's Counsel
        Exhibit F - Defendant's July 28, 2020 Email to Plaintiff's Counsel
        Exhibit G - Plaintiff's Counsel's August 3, 2020 email to Defendant
        Exhibit H - Screenshot of Union Arbitration Record

Defendant Local 32BJ, Service Employees International Union, ("SEIU 32BJ") moves to dismiss Count Eleven of the Amended Complaint of Plaintiff Anthony Solis ("Solis") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative moves for summary judgment against Solis under Rule 56, Fed. R. Civ. P., on the grounds that his hybrid LMRA § 301 – duty of fair representation claim against SEIU 32BJ is precluded by his failure to exhaust the remedies available to him through the applicable collective bargaining agreement's grievance and arbitration procedure.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a district court may dismiss a case for lack of subject matter jurisdiction where the court "lacks the statutory or constitutional power to adjudicate it." *Cortland St. Recovery Corp. v. Hellas Telecommunications, S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (internal quotation marks and citations omitted). The court may consider evidence outside the complaint in adjudicating this Motion under Fed. R. Civ. P. 12(b)(1) because "a defendant is permitted to make a fact-based Fed. R. Civ. P. 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). If the evidence submitted by the defendant reveals the existence of factual problems in the assertion of jurisdiction, then the plaintiff "will need to come forward with evidence of their own to controvert that presented by the defendant." *Id*. "In such a case, the plaintiff has the 'burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Joseph v. SSA*, 2017 U.S. Dist. LEXIS 29121, *3 (E.D.N.Y. 2017) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).

Similarly, while under Fed. R. Civ. P. 12(b)(6) a court's consideration of a motion to dismiss under is limited to the facts stated in the complaint and documents attached or incorporated

1

thereto, the court may look to additional materials and convert the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). Under Fed. R. Civ. P. 56(c), summary judgment may be granted if the submissions of the parties taken together "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Richard v. Leclaire*, 2019 U.S. Dist. LEXIS 77052, *5 (N.D.N.Y. 2019) (citing *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006)). Once that burden is met, the nonmoving party "must produce evidence demonstrating that genuine issues of material fact exist." *Id.* "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

Here, defendant moves to dismiss Count Eleven of Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to exhaust remedies available to him under the applicable collective bargaining agreement; because of that failure to exhaust, plaintiff has failed to state a claim upon which relief may be granted. While discovery is often permitted prior to ruling on a motion for summary judgment, it is appropriate to consider a Fed. R. Civ. P. 12(b)(6) motion based on a failure to exhaust at the pleading stage because "[d]iscovery is not necessary . . . when the 'the facts regarding [p]laintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome.'" *Gottesfeld v. Anderson*, 2020 U.S. Dist. LEXIS 40638, *15 (S.D.N.Y. 2020) (quoting *Parra v. Wright*, 2013 U.S. Dist. LEXIS 177784 at *7 (W.D.N.Y. 2013)). For that reason, if the court does not dismiss Count Eleven of Plaintiff's Amended Complaint under Fed. R. Cv. P. 12(b)(1), SEIU 32BJ requests the court

convert SEIU 3BJ's 12(b)(6) Motion into a Motion for Summary Judgment and dismiss Count Eleven of the Amended Complaint under Fed. R. Civ. P. 56.

## **RELEVANT FACTS**

In the Amended Complaint, Solis alleges that he was a security guard for GMSC, and his employment was subject to a collective bargaining agreement ("CBA") between GMSC and SEIU 32BJ. (Am. Compl. ¶ 4, 8). He alleges that the CBA states in relevant part that employees may not be discharged except for just cause. (Am. Compl. ¶ 25). Further, Solis alleges that on or about January 4, 2020, he filed a complaint with SEIU 32BJ alleging he was unjustly terminated by GMSC and SEIU 32BJ initiated a grievance on his behalf. (Am. Compl. ¶ 13, 37). Solis subsequently contradicts this allegation, however, by asserting that "the Union has failed to process any grievance on behalf of the Plaintiff despite receiving notice of his intent to bring these claims in or about May 21, 2020." (Am. Compl. ¶ 16).

Solis then alleges that in March 2020, SEIU 32BJ met with GMSC and subsequently notified him that he had been reinstated, however he was told he would have to sign paperwork in order to resume work. (Am. Compl. ¶ 38, 39). Solis alleges that he never received the reinstatement paperwork, and that GMSC subsequently told him he was terminated for failing to fill out the paperwork. (Am. Compl. ¶ 44). Finally, Solis alleges that SEIU 32BJ failed to grieve the second termination "and did absolutely nothing to rectify this injustice." (Am. Compl. ¶ 45).

Solis does not allege in the Amended Complaint that the grievance filed in January 2020 was withdrawn by SEIU 32BJ or has in any way been rendered inactive. Nor does he allege in the Amended Complaint that pursuit of the CBA's grievance and arbitration process is or would be futile.

The evidence provided by SEIU 32BJ in support of this Motion establishes that on January 6, 2020, SEIU 32BJ initiated a grievance (the "Grievance") on Solis' behalf. (*See* Declaration of Melissa Chan in Support of Defendant Local 32BJ, Service Employee International Union's Motion to Dismiss Amended Complaint and/or Motion for Summary Judgment for Failure to Exhaust Contractual Remedies, attached hereto ("Chan Declaration") ¶ 5, and the Grievance Initiation Letter attached to the Chan Declaration as Exhibit B). The Grievance was assigned case number 64976-20; it alleges that Solis was unjustly terminated. (*See* Chan Declaration Exhibit B). On February 2, 2020, SEU 32BJ requested arbitration of the Grievance. (*See* Chan Declaration ¶ 6 and the Arbitration Request Letter attached thereto as Exhibit C). In March 2020, SEIU 32BJ negotiated with GMSC the terms of a Stipulation of Settlement that would resolve the grievance and return Solis to work, however GMSC never signed the Stipulation and refused to reinstate Solis. (*See* Chan Declaration Exhibit F). The Grievance and the underlying contract violation were never resolved, and the Grievance remained active and awaiting an arbitration date. (*See* Chan Declaration ¶ 11 of and screenshot attached thereto as Exhibit H).

On July 20, 2020, Solis, via Shalom, sent a letter to the Office of the Contract Arbitrator, which is the joint office of the Union and the multiemployer association (of which GMSC is a member) that schedules grievances for arbitration pursuant to the collective bargaining agreement. In the letter, Shalom announces that Mr. Solis "objects to proceeding in arbitration . . ." of the Grievance, and that he "will not be appearing at any arbitration . . ." (*See* Chan Declaration ¶ 8 and July 20, 2020 Letter attached thereto as Exhibit E). On July 28, 2020, Melissa Chan, the Director of SEIU 32BJ's Contract Enforcement Department, wrote to Solis, via Shalom, stating in relevant part: "Please be aware that Mr. Solis' refusal to participate means that the Union cannot go forward with any claim in arbitration on Mr. Solis' behalf. Preventing arbitration of his claims is not in Mr.

4

Solis' best interest. We urge you to ask Mr. Solis to reconsider and agree to participate. Please let me know within one week whether he has reconsidered." (*See* Chan Declaration ¶ 9 of and July 28, 2020 Email attached thereto as Exhibit F). Solis, via Shalom, responded that: "Mr. Solis is not interested in participating in the Union's arbitration against Guard Management Service Company." (*See* Chan Declaration ¶ 10 and August 3, 2020 Email attached thereto as Exhibit G). He did not deny that the Union had filed for arbitration or that an arbitration was pending.

## ARGUMENT

I. <u>Failure to exhaust remedies available in a collective bargaining agreement is grounds for dismissal of a hybrid LMRA § 301 – duty of fair representation claim under either Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6) and 56.</u>

In Count Eleven of the Amended Complaint, Plaintiff alleges his only claim against the Union: breach of the duty of fair representation "regarding Plaintiff's initial and subsequent termination." (See Am. Compl. ¶ 143). "It has long been the law that before a plaintiff may file a claim in federal court under Section 301, [the plaintiff] first must exhaust the grievance and arbitration procedures found within the CBA to which the litigants are parties." *Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 86 (2d Cir. 2002); s*ee Clayton v. Int'l Union*, 451 U.S. 679, 681 (1981) ("An employee seeking a remedy for an alleged breach of the collective-bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer") (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)).

The exhaustion requirement is rooted in the national labor policy that mandates that allegations of violations of a collective bargaining agreement are to be resolved in the private dispute mechanism that the bargaining parties have negotiated, rather than in a judicial forum.

*Republic Steel,* 379 U.S. 650. An aggrieved employee may not sidestep that process and initiate a claim in federal court but must afford the union the opportunity to pursue that claim in the grievance and arbitration process. *Id.* at 653. Even when the union has initially expressed skepticism about the claim or reluctance to pursue it, the individual may not pursue a hybrid LMRA § 301 – duty of fair representation claim where the union has resolved to pursue the grievance and has not completed that process.

The District Court for the District of Columbia has repeatedly dismissed hybrid LMRA § 301 – duty of fair representation claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) where the union presented proof to the court that it was still pursuing the applicable grievance to arbitration. *See Sullivan v. Potter*, 2006 U.S. Dist. LEXIS 17068, *12, (D. D.C. 2006) (dismissing employee claim against union for lack of subject matter jurisdiction where grievance was still being pursued by the union in a pending arbitration); *see also McCreary v. Potter*, 273 F. Supp. 2d 106, 112 (D. D.C. 2003) (same).

Similarly, in *Zamren v Retail Wholesale Employees Union, Local 305*, 1981 U.S. Dist. LEXIS 14945 (S.D.N.Y. 1981), the court granted a motion to dismiss a claim covered by LMRA § 301 on grounds of failure to exhaust remedies available in a collective bargaining agreement's grievance and arbitration procedure and held a second claim covered by LMRA § 301 in abeyance pending resolution of arbitration. The union had initially decided not to pursue the claim but changed its mind on further review. Despite the union's initial rejection of the claim, the court held that the plaintiff could not go forward on his court action.

LMRA § 301 claims are also appropriately dismissed on summary judgment for failure to exhaust. *See Henry v. Cmty. Res. Ctr.*, 1996 U.S. Dist. LEXIS 6414, *15 (S.D.N.Y. 1996) (dismissing LMRA § 301 against union on summary judgment for failure to exhaust); *Dougherty*

6

*v. American Tel. & Tel. Co.*, 902 F.2d 201, 201 (2d Cir. 1990) (affirming summary judgment dismissal of LMRA § 301 claim for failure to exhaust); *see also Vavrek v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 2013 U.S. Dist. LEXIS 113882, *9 (N. D. Ind. 2013) (dismissing employees' claims against union on summary judgment for failure to exhaust). For example, in *Roman v. United States Postal Service*, 821 F.2d 382 (7th Cir. 1987), the Seventh Circuit reviewed a district court's decision to dismiss a union member's claim against the union for lack of subject matter jurisdiction due to failure to exhaust contractual remedies. The Seventh Circuit ruled that the district court had subject matter jurisdiction, but affirmed the district court's dismissal, construing the union's 12(b)(1) motion to dismiss as a 12(b)(6) motion that should have been converted into a motion for summary judgment. *See Roman*, 821 F.2d at 385.

In sum, when a plaintiff brings a hybrid LMRA § 301 – duty of fair representation claim regarding an alleged failure to pursue a grievance, but the union presents indisputable evidence that it is still pursuing the grievance, the plaintiff's claim must be dismissed for failure to exhaust contractual remedies either under Fed. R. Civ. P. 12(b)(1) or under Fed. R. Civ. P. 12(b)(6), and 56. Here, Solis' action must be dismissed for failure to exhaust contractual remedies because SEIU 32BJ has made clear its willingness to pursue the Grievance on Solis' behalf in the contractual grievance and arbitration procedure and Solis has refused to participate.[1]

---

[1] Solis cannot argue that he is entitled to avoid the exhaustion requirement merely by asserting his belief that the union is not pursuing a grievance vigorously enough. As *Zamren* unequivocally states: "It is no longer sufficient in law--if it ever was--to say that an employee may short circuit the collective bargaining arbitration procedures solely on the basis of charging his union with an unjust initial delay seeking arbitration." *See Zamren*, 1981 U.S. Dist. LEXIS 14945 at *9-*10.

II.   <u>Solis has failed to exhaust the remedies available to him in the collective bargaining agreement and so his claim against SEIU 32BJ must be dismissed.</u>

An employee cannot maintain a LMRA § 301 – duty of fair representation claim against a union for failing to process a grievance that the union is still pursuing to arbitration. *See Sullivan* 2006 U.S. Dist. LEXIS 17068*; McCreary* 273 F. Supp. 2d at 112*; Zamren*, 1981 U.S. Dist. LEXIS 14945.[2] Here, it is undisputed that when Solis asked SEIU 32BJ to file a grievance contesting his termination in January 2020, SEIU 32BJ promptly filed the Grievance. (*See* Am. Compl. ¶ 13, 37; *see also* Chan Declaration ¶ 5 and Exhibit B). SEIU 32BJ subsequently demanded arbitration of the Grievance and is seeking to pursue the Grievance to arbitration. (See Chan Declaration ¶ 11 and Exhibit H). It is indisputable that Solis has twice refused in writing to participate in arbitration of the Grievance. (See Chan Declaration ¶ 8-10 and Exhibits E, F, and G). Solis has not alleged any excuse for refusing to participate.[3]

As Melissa Chan explained to Solis in her July 28, 2020 email, SEIU 32BJ does not agree that Solis was reinstated then terminated a second time. Rather, there was a settlement that GMSC

---

[2] While in *Zamren* the court declined to dismiss the employee's LMRA § 301 against the union, and instead held the claim in abeyance pending arbitration, it did so because the union had initially withdrawn its grievance regarding the employee's discharge and then reactivated the grievance after the employee filed the LMRA § 301 claim in federal court. The court held the case in abeyance to deal with a problem caused by the union's having reversed course in its handling of the grievance. Because the union had initially withdrawn the grievance and then subsequently reactivated it, the court anticipated that, even if the arbitrator decided the matter in Zamren's favor the award might not include all of the backpay that Zamren had lost. That is, the arbitrator might conclude that the employer should not be required to pay for wages lost during the time before the union reversed course and reactivated the grievance. If that were to occur, Zamren would have a claim against the union for the wage loss he suffered in that initial period. These circumstances are not present here. Local 32BJ has never withdrawn the grievance, nor has it done anything other than move the grievance forward to arbitration. To the extent that any delay was occasioned by the failed settlement negotiations, the employer would have no claim that any such delay was attributable to conduct of the union, and, thus, if the arbitrator issues an award in favor of Solis, there is no reasonable argument that the employer should not be required to pay all of the backpay to which Solis might be entitled. There is, therefore, no reason to hold the litigation of the instant case in abeyance. The case should be dismissed.

[3] Nor could Solis evade the requirement to exhaust his contractual remedies with a bare allegation of futility. *See Dutrisac v. Caterpillar Tractor Co.*, 1980 U.S. Dist. LEXIS 16658, *5-6 (N.D. Ca. 1980) (granting summary judgment dismissing duty of fair representation claim where applicable grievance is pending arbitration and claim of futility lacks factual support).

indicated that it would agree to, but then pulled back. (*See* Chan Declaration Exhibit F). Chan explained to Solis that SEIU 32BJ planned to seek enforcement of the settlement at the arbitration of the Grievance in addition to arguing that GMSC's initial termination of Solis was without just cause. While Solis may insist that SEIU 32BJ should cast the March negotiations as having resulted in a reinstatement and subsequent second termination, rather than an improper failure execute a settlement agreement (SEIU 32BJ's view), Solis has never alleged that SEIU 32BJ lacks the ability to pursue its litigation strategy or that it cannot provide a complete remedy for Solis through this strategy. Solis cannot show that the difference in characterization of the Employer's March actions has any legal significance. SEIU 32BJ has made a good faith judgment that the better approach is the one it has chosen. A disagreement with SEIU 32BJ as to how to proceed in arbitration has not been alleged, does not make out a claim that the union has violated its duty of fair representation – and where, as here, it cannot be disputed that the union intends to proceed, the duty of fair representation claim is premature and must be dismissed. For the purpose of this Motion, whether the Employer's actions in March are characterized as a second termination or reneging on a settlement agreement is immaterial because SEIU 32BJ intends to arbitrate the January 2020 discharge, contest GMSC's actions in March , and seek reinstatement with full back pay and benefits from the date of the initial discharge to the date of reinstatement. Under *Sullivan*, 2006 U.S. Dist. LEXIS 17068*; McCreary* 273 F. Supp. 2d at 112*;* and *Zamren*, 1981 U.S. Dist. LEXIS 14945, this fact alone is grounds for dismissal.

In any event, because Solis has refused to allow the union to move the grievance and arbitration forward, he may not bring his claims to this judicial forum, including the claim that SEIU 32BJ has erred in not asserting the "second termination" argument. In *Fleming v. Stop & Shop Supermarket Co.*, 36 F. Supp. 2d 87, 91, (D. Conn. 1999), the District Court of Connecticut

granted summary judgment dismissing a duty of fair representation claim where it was uncontested that the union offered to pursue the grievance to arbitration but the union members refused to participate. The court wrote that "as a matter of law," plaintiff union members "cannot avoid a finding that their claims are barred due to their failure to exhaust the remedies available under the collective bargaining agreement." *Id.*

Here, Solis' refusal to participate is almost identical to the plaintiffs' refusal in *Fleming*, 36 F. Supp. 2d 87. He first sent a letter to the Office of the Contract Arbitrator announcing that he "objects to proceeding in arbitration . . ." of the Grievance, and that he "will not be appearing at any arbitration . . .." (*See* Chan Declaration ¶ 8 and Exhibit E). When SEIU 32BJ asked him to reconsider and warned that his "refusal to participate means that the Union cannot go forward with any claim in arbitration on Mr. Solis' behalf" (*See* Chan Declaration ¶ 9 and Exhibit F), Solis unambiguously repeated his refusal to participate. (*See* Chan Declaration ¶ 10 and Exhibit G).

Solis' refusal to participate in arbitration is established as a matter of documentary record between the parties, and no discovery can cast these communications into the domain of disputed fact. By stating that he was refusing to participate in the arbitration, Solis explicitly acknowledged that SEIU 32BJ had an active, pending Grievance and then renounced the contractual remedies available to him through participation in the Grievance. This amounts to not merely a failure to exhaust contractual remedies, but a refusal to exhaust. Even worse, it suggests that Solis is resorting to gamesmanship by bringing a LMRA § 301 – duty of fair representation claim against SEIU 32BJ for failing to process a grievance that he has actively prevented SEIU 32BJ from pursuing. The court should not tolerate or reward this gamesmanship. By withdrawing cooperation from SEIU 32BJ's grievance and investigation, Solis renounced the contractual process, and

therefore his failure to exhaust should be deemed definitive. For this reason, the Court should dismiss Solis' Amended Complaint with prejudice.

## CONCLUSION

For all the foregoing reasons, the claims against SEIU 32BJ should be dismissed because plaintiff has failed to exhaust the remedies available to him under the applicable collective bargaining agreement.

Dated: September 9, 2020
New York, NY

Respectfully submitted,

Brent Garren
Max Utzschneider
25 West 18th Street, 5th Floor
New York, NY 10011
bgarren@seiu32bj.org
mutzschneider@seiu32bj.org

*Attorneys for Defendant SEIU Local 32BJ*