

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** jonathan@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375-6737

July 4, 2021

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Alvin K. Hellerstein, U.S.D.J.
500 Pearl Street, Room 1050
New York, NY 10007-1312

    *Re:*    <u>**Solis v. 666 Fifth Associates LLC**</u>
            <u>**Case No.: 1:20-cv-5105 (ALK) (SLC)**</u>

Dear Judge Hellerstein:

      This office represents Plaintiff Anthony Solis (hereinafter "Plaintiff") in the above-referenced case. Plaintiff writes to respectfully oppose Defendant 666 Fifth Associates LLC's (hereinafter "Defendant" or "666 Fifth") *second* letter motion for an extension of time to respond to the Complaint.

      The reason for its request is because 666 Fifth has admittedly not done its homework as to the merits of this claim. <u>See</u> Docket Entry 42 ("we need the additional time to understand whether 666 Fifth was involved with Plaintiff Antony Solis' employment"). Gallingly, however, in the same breath 666 Fifth asserts that it was not Plaintiff's employer despite the fact that Plaintiff has submitted payroll records and pay stubs establishing that 666 Fifth paid Plaintiff and withheld taxes from Plaintiff's wages paid by 666 Fifth.

      Even more confounding, while 666 Fifth has quizzically denied "at this juncture" (i.e., it does not yet know because it has not sharpened its pencil on the subject) that 666 Fifth is a joint employer, single employer, or alter ego of former Defendant Guard Management Service Corp. ("GMSC"), 666 Fifth maintains that if it was (which, again, it admits it does not know yet), 666 Fifth is released according to its confidential settlement agreement with GMSC as a "co-employer and joint employer." <u>Id.</u> However, as argued previously, the tenuous ground upon which this argument stands easily breaks way to deny 666 Fifth's unsupported and admittedly baseless argument. Indeed, "[i]t is well established that judicial admissions on questions of law have *no* legal effect." <u>See</u> <u>DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund</u>, 975 F. Supp. 258, 267 n.14 (S.D.N.Y. 1997) (emphasis in original). Here, to the extent that Plaintiff's allegation that he "was an employee of GMSC and 666 Fifth" can be characterized as an *admission* that that 666 Fifth is a co-employer or joint employer of GMSC (something Plaintiff submits is not possible for him to "admit"), that allegation amounts to a question of law and thus has no legal effect. Because the allegation is a legal conclusion, there can be no finding of any joint employment relationship between the two. Further, GMSC did not admit that 666 Fifth is a co-employer or joint employer; neither does 666 Fifth, as it has not yet done its homework.

Moreover, for the same reasons and as previously argued, it is conclusory to assert that 666 Fifth is to be afforded the protections of Sections 4, 7, and 9 of the confidential settlement agreement. Finally, "whereas" provisions in agreements constitute recitals for which there is no legal effect unless stated to the contrary within the agreement. See ACIM NY, L.L.C. v. Nissan N. Am., Inc., No. 17-CIV.-729 (LGS), 2019 WL 935424, at *4 (S.D.N.Y. Feb. 26, 2019) ("Since recitals indicate only the background of a contract, that is, the purposes and motives of the parties, they do not ordinarily form any part of the real agreement") (citation omitted). To the extent that any exception to this general rule applies, 666 Fifth has failed to provide one or otherwise provide any basis to give any credence to its anticipatory arguments due to its admitted failure to investigate Plaintiff's claims.

In support of Defendant's motion for a *second* extension of time, 666 Fifth fails to provide that good cause exists such that this Court should exercise its discretion in favor of granting same. See Fed. R. Civ. P. 6(b)(1)(A). That's the standard under which such motions are decided, *not* whether Plaintiff has good cause to decline consenting to a request for an extension. 666 Fifth does not explain why it was unable to "understand whether 666 Fifth was involved with Plaintiff Antony Solis' employment" in the fifty (50) day period of time since it was served on May 13, 2021 until July 2, 2021 when it made the instant motion.

Instead, 666 Fifth unjustifiably points its finger at the Plaintiff for allegedly failing to serve it (when the reason for that was that counsel for GMSC did not immediately state whether he would also represent 666 Fifth and did not answer whether he could accept service on behalf of 666 Fifth for a substantial period of time) and inappropriately refers to Plaintiff's settlement with GMSC (which is irrelevant).

Accordingly, because 666 Fifth has not provided the existence of any good cause, its second letter motion for an extension must be denied; alternatively, it should be granted an extension of time of only fourteen (14) days. Plaintiff thanks this Court for its time and attention to this case.

Dated: Forest Hills, New York
July 4, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**
/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*ATTORNEYS FOR PLAINTIFF*

**VIA ECF**
All counsel of record.