UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY SOLIS,                                    No. 20-cv-05105 (AKH)

                   Plaintiff,

          -against-

666 FIFTH ASSOCIATES LLC,

                   Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
666 FIFTH ASSOCIATES LLC'S MOTION TO DISMISS THE COMPLAINT**

Lisa M. Griffith
Keegan B. Sapp
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@litter.com
ksapp@littler.com

# TABLE OF CONTENTS

**PAGE**

I.   **PRELIMINARY STATEMENT** ................................................................. 1

II.  **ARGUMENT** ........................................................................................ 1

    A.   Plaintiff's Attempt to Circumvent the Clear Language of the Settlement Agreement by Implicating the "Doctrine of Mutual Mistake" and "Fraud" is unavailing. ................................................................................ 1

    B.   Plaintiff Did Not Supply Evidence That he Exhausted his Administrative Remedies Rendering his Claims Time-Barred ....................................... 4

    C.   Plaintiff's Inexcusable Neglect of Federal Procedural Rules Has Prejudiced the Defendant. ...................................................................... 5

    D.   Plaintiff Does Not Address the Issues Concerning his Employment. ................... 6

    E.   Plaintiff Has Yet to Comply with this Court's November 24, 2020 and December 22, 2020 Orders ....................................................................... 6

    F.   Sanctions in Not an Appropriate Remedy Under FRCP 5.2 ................................ 7

V.   **CONCLUSION** ..................................................................................... 8

4830-6517-8358.1 / 112464-1001

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. WestPoint-Pepperell, Inc.,*
   945 F.2d 40 (2d Cir. 1991)............................................................................................2

*Bell Sports, Inc. v. System Software Assocs., Inc.,*
   71 F.Supp.2d 121 (E.D.N.Y.1999) ...............................................................................7

*Booth v. 3669 Delaware,*
   92 N.Y.2d 934 (1998) ...................................................................................................1

*Carmax Auto Superstores, Inc. v. Sibley,*
   194 F. Supp. 3d 392 (D. Md. 2016) ..............................................................................8

*Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.,*
   952 N.E.2d 995 (2011)..................................................................................................2

*Engeseth v. Cty. of Isanti, Minn.,*
   665 F. Supp. 2d 1047 (D. Minn. 2009) .........................................................................8

*Garcia v. Coca–Cola Bottling Co. of New York,*
   1998 WL 151032 (S.D.N.Y. Mar.31, 1998) .................................................................5

*Gianna Enterprises v. Miss World (Jersey) Ltd.,*
   551 F. Supp. 1348 (S.D.NY. 1982)...............................................................................5

*Grammenos v. Lemos,,*
   457 F.2d 1067 (2d Cir. 1972).........................................................................................5

*In re Solv–Ex Corp. Sec. Litig.,*
   198 F.Supp.2d 587 (S.D.N.Y. 2002).............................................................................7

*Mangini v. McClurg,*
   249 N.E.2d 386 (1969)..................................................................................................1

*Nicomedez v. AIG,*
   2012 WL 5264560 (S.D.N.Y. Oct. 16, 2012) ..............................................................3

*Open Soc'y Just. Initiative v. Trump,*
   2020 WL 6286318 (S.D.N.Y. Oct. 27, 2020) ..............................................................8

*Prudential Ins. Co. of Am. v. BMC Indus., Inc.,*
   630 F.Supp. 1298 (S.D.N.Y.1986) ...............................................................................3

4830-6517-8358.1 / 112464-1001

**Page(s)**

**Cases**

*Reed v. AMCO Ins. Co.*,
    2012 WL 1964094 (D. Nev. May 31, 2012) ............................................................................8

*Allen v. Riese Org., Inc.*,
    965 N.Y.S.2d 437 (1st Dep't 2013) ......................................................................................2

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992) ..............................................................................................7

*Wright v. Cayan*,
    817 F.2d 999, 1002 (2d Cir. 1987) ......................................................................................7

*Zherka v. Ryan*,
    52 F. Supp. 3d 571 (S.D.N.Y. 2014) ...................................................................................5

**Other Authorities**

Fed. R. Civ. P. 5.2 ...........................................................................................................................8

4830-6517-8358.1 / 112464-1001

Defendant 666 Fifth Associates LLC, ("666 Fifth") by and through their attorneys, Littler Mendelson, P.C., respectfully submit this reply Memorandum of Law in further support of their motion to dismiss Plaintiff Anthony Solis' ("Plaintiff") Amended Complaint ("Complaint").

## I.     PRELIMINARY STATEMENT

Plaintiff does not articulate a persuasive legal position sufficient to free himself from the Confidential Settlement Agreement and General Release ("Agreement").  The crux of his theory is that the release language in the Agreement does not apply to 666 Fifth because of a "mutual mistake."  The "mutuality" of the mistake is questionable at best and the fraudulent conduct Plaintiff believes allows him to assert the doctrine is specious.

Moreover, Plaintiff does not: (i)  address the fact that he did not obtain a right to sue from the Equal Employment Opportunity Commission; (ii) supply any evidence whatsoever that 666 Fifth employed the Plaintiff; or (iii) provide good cause as to why he did not properly effectuate service.  For the reasons detailed in 666 Fifth's Memorandum of Law in Support of their Motion to Dismiss and Reconsider and this Memorandum of Law in Further Support of Defendant's Motion, the Amended Complaint must be dismissed in its entirety.

## II.    ARGUMENT

### A.    Plaintiff's Attempt to Circumvent the Clear Language of the Settlement Agreement by Implicating the "Doctrine of Mutual Mistake" and "Fraud" is unavailing.

Plaintiff's position borders frivolity, is entirely devoid of any legal authority, and outright fails to address 666 Fifth's legal position.  Tellingly, Plaintiff agrees that the release language contained in the Agreement applies to claims against 666 Fifth.  His goal is to rewrite the release, carve out 666 Fifth, and pursue another action based on the exact same factual issues he already settled with the settling defendants.  To achieve his goal, Plaintiff claims to have made a mistake because Guard Management's attorney Mr. Goldberg refused to acknowledge representation of

-1-

666 Fifth. Plaintiff does not explain how Mr. Goldberg's email rises to the level of fraud, or how he has not ratified the Agreement by accepting and keeping the consideration for the release he signed. Plaintiff's counsel has an obligation to verify whether a party he is suing is represented by counsel. Plaintiff's counsel's failure to confirm with Mr. Goldberg whether he was representing 666 Fifth created this problem. Mr. Goldberg did not engage in fraud. Moreover, it is just as likely that Plaintiff's counsel intentionally did not pursue whether Mr. Goldberg was representing 666 Fifth so he could do exactly what he did here: settle with other defendants and then "reopen" the case to pursue further damages from 666 Fifth. If anyone is perpetuating a fraud here, we suggest it could very well be Plaintiff's counsel.

"It is well established that a valid release constitutes a complete bar to an action on a claim which is the subject of the release." *Global Mins. & Metals Corp. v. Holme,* 824 N.Y.S.2d 210 (1st Dept. 2006). If "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties." *Booth v. 3669 Delaware,* 680 N.Y.S.2d 899 (1998). A release "***should never be converted into a starting point for renewed litigation*** except under circumstances and under rules which would render any other result a grave injustice." *Mangini v. McClurg,* 24 N.Y.2d 556, 563 (1969)(emphasis added).

Plaintiff finds no support in the cases he cites. The plaintiffs in *Am. Movil, S.A.B. de C.V.* and *WestPoint-Pepperell, Inc.,* brought claims against the defendants for fraudulently concealing material financial information before entering into a purchase agreement. *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.,* 952 N.E.2d 995, 1002–03 (2011); *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991). In both cases, the core argument advanced by the plaintiffs is that the defendants owed them a fiduciary duty to disclose certain information. *See, Am. Movil, S.A.B. de C.V.,* 952 N.E.2d 995, 1002–03 (plaintiffs alleged that the defendant supplied

-2-

them with false financial information); *Allen,* 945 F.2d 40, 44 (2d Cir. 1991) (plaintiffs alleged defendants did not disclose the value of their ownership interest).

Mr. Goldberg owed no such fiduciary duty to the Plaintiff, and his email concerning his representation is nothing like concealing financial information. Even if true, ***both cases upheld the release language****. See Centro Am. Movil, S.A.B. de C.V.,* 17 N.Y.3d 269 at 280 ("the 2003 Members Release was intended to bar the very claims that plaintiffs now bring, and plaintiffs fail to allege that the release was induced by any fraud beyond that contemplated by the release"); *WestPoint-Pepperell, Inc.,* 945 F.2d 40 at 44 ("representation based on a good faith misinterpretation of the legal effect of an agreement does not provide a basis for a fraud claim.")

Plaintiff has scrapped the bottom of the barrel for legal precedent and came up empty handed. The truth is, Plaintiff – a year ago – agreed to release 666 Fifth. When Plaintiff accepted a settlement for signing a general release he ratified and accepted the terms of the Agreement. New York recognizes the defense of ratification by acceptance and retention of consideration. *See Allen v. Riese Org., Inc.,* 965 N.Y.S.2d 437, 440 (1st Dep't 2013) (finding ratification of releases of employment claims) (collecting cases); *Nicomedez v. AIG,* 2012 WL 5264560, at *3–*4 (S.D.N.Y. Oct. 16, 2012)(citing cases) (ratification precluded state and city human rights law claims); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.,* 630 F.Supp. 1298, 1303 (S.D.N.Y.1986) ("The defense of ratification focuses on a party's acquiescence in or acceptance of the contract after discovering the basis of his claim for rescission, not on the party's willingness to restore benefits once the action is brought). Plaintiff settled and released all claims against 666 Fifth and his claims are now moot.

4830-6517-8358.1 / 112464-1001

**B.      Plaintiff Did Not Supply Evidence That He Exhausted his Administrative Remedies Rendering his Claims Time-Barred**

The Plaintiff bases jurisdiction for his federal disability discrimination claims against 666 Fifth on an Equal Employment Opportunity Commission Intake Questionnaire ("EEOC Questionnaire"). The EEOC Questionnaire does not have the same effect as a right to sue letter. Plaintiff therefore cannot file this case in federal court.   This is made abundantly clear on the first page of the EEOC Questionnaire where is reads, in bold lettering: "**[f]illing out and bringing us this questionnaire does not mean that you have filed a charge.**" *See Shalom* Decl. ¶ 4, Ex. B. The EEOC Questionnaire cautions potential claimants in several locations that he or she must still file a charge within the allowed statutory period.

- The second page, first paragraph reads: "**REMEMBER,** a charge of employment discrimination must be filed within the time limits imposed by law." *Id.*

- The fifth page, in bold reads: "**[i]f you do not file a charge of discrimination within the time limits, you will lose your rights**." *Id.*

The failure to read the first page of the EEOC Questionnaire, or observe at least two statute of limitations warnings may rise to the level of legal malpractice, but it certainly does not create a right to sue against 666 Fifth.  The right to sue letter Plaintiff has supplied only includes Guard Management and because the last alleged unlawful discriminatory action occurred May 2020 over a year ago, his federal claims are now time-barred. *See, Garcia v. Coca–Cola Bottling Co. of New York,* 1998 WL 151032, at *2 (S.D.N.Y. Mar.31, 1998)("[i]t is well established that a plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding in federal district court [with a Title VII or ADA claim]."

### C.    Plaintiff's Inexcusable Neglect of Federal Procedural Rules Has Prejudiced the Defendant.

To shed himself of the obligation to effectuate service onto 666 Fifth Plaintiff not only puts the blame on Mr. Goldberg for not confirming his representation, but also claims his mistakes are otherwise harmless because 666 Fifth is defending the action.  The argument fails on two fronts. First, the need to file a special appearance to object to jurisdiction or venue has vanished. *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972); *Zherka v. Ryan,* 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014). A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer. *Ryan,* 52 F. Supp. 3d at 577 (S.D.N.Y. 2014).   A request for extension of time does not constitute waiver of jurisdictional objections. *Lemos,* 457 F.2d at 1070 (2d Cir. 1972).  Plaintiff cannot simply bypass his need to serve 666 Fifth because it is defending the action particularly where 666 Fifth disputes proper service.

Plaintiff cites legal precedent in support of ***666 Fifth's position.***  As if ruling on this case specifically, the Court in *Miss World (Jersey) Ltd.,* dismissed the Complaint because "counsel's conduct was the product of a sloppy disregard for federal requirements, making the rule's enforcement appropriate." *See Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F. Supp. 1348, 1358 (S.D.NY. 1982).  "To allow plaintiffs always to amend their defective summons under these circumstances would eviscerate and make a mockery of the formal commands of Rule 4(b) and would risk prejudice to the defendant improperly served."  *Id.*  Critically, although the Court acknowledged that a summons may be amended *nunc pro tunc* the Court did not do so, because "plaintiff's blunder resulted from . . . inexcusable neglect."  *Id.*

Plaintiff has not explained how issuing the wrong summons is harmless, other than to say 666 Fifth has appeared in the action.  This legal position is completely irrelevant.  Glaring in its omission is any attempt to explain how 666 Fifth has **not** been prejudiced.  By serving the wrong

-5-

summons Plaintiff misrepresented the status of this case leading 666 Fifth to believe (erroneously) that it was not the only defendant.  Meanwhile Plaintiff had in fact settled the matter over ***ten months ago***.

> **D.**     **Plaintiff Does Not Address the Issues Concerning his Employment.**

Plaintiff still has not supplied any evidence whatsoever that he was employed by 666 Fifth. To be clear, "[a] plaintiff should be able to point to some evidence to establish his employment relationship with the defendant. *See Selimovic v. S. Side Assocs. LLC,* 2020 WL 2522117, at *4–5 (E.D.N.Y. May 18, 2020).  This information is exactly the type of evidence that a plaintiff should be able to supply prior to discovery.  *Id.*   Plaintiff does not even address this issue in his opposition. 666 Fifth is not challenging the representations made in the pleadings, but rather, having put forth evidence sufficient to put Plaintiff's employment in question, a court can expect the Plaintiff to be able to present *some* evidence, before discovery, that 666 Fifth was his employer.  To-date Plaintiff has failed to present any persuasive evidence that 666 Fifth employed him.

> **E.**     **Plaintiff Has Yet to Comply with this Court's November 24, 2020 and December 22, 2020 Orders**

Plaintiff still has not described the claim, the settlement, and the remaining claim he has against the non-settling defendant 666 Fifth.  Plaintiff seems to think that 666 Fifth cannot seek reconsideration because Guard Management opposed two letter applications.  To be clear, 666 Fifth never had an opportunity to oppose Plaintiff's motion to serve an Amended Complaint and Guard Management did not submit an opposition.  Plaintiff's motion went unopposed.

Motions for reconsideration allow the district court to correct its own mistake.  *See e.g., Bell Sports, Inc. v. System Software Assocs., Inc.,* 71 F.Supp.2d 121, 125–126 (E.D.N.Y.1999) (granting the plaintiff's motion for reconsideration after a closer examination of the evidence). The

decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *In re Solv–Ex Corp. Sec. Litig.,* 198 F.Supp.2d 587, 589 (S.D.N.Y. 2002).

The cases cited by Plaintiff are inapposite.  In *Wright,* the Court held that the general rule that judges of coordinate jurisdiction may disregard the others' rulings, so long as a  party relying on previous ruling is not prejudiced, dictates general practice of refusing to reopen what has been decided.  *See Wright v. Cayan,* 817 F.2d 999, 1002 n.3 (2d Cir. 1987).  The case itself centered on a judge's power to grant summary judgment despite another judge's previous denial of summary judgment.  *Id.*  Likewise in *Virgin Atl.* where the principal argument was that the defendant "Resubmitted Motion to Dismiss" that merely rehashed principles with which the court was familiar and that it had considered at the time of the first motion.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1254 (2d Cir. 1992).  This is 666 Fifth's first motion in opposition to Plaintiff application to file an Amended Complaint.

In his *ex parte* application, Plaintiff did not provide any good cause justification for not serving 666 Fifth within in the time required by FRCP 4 or for his five-month delay in requesting relief to serve 666 Fifth excessively late.  Nor did Plaintiff provide a good cause explanation as to how it is even remotely possible that his claims against 666 Fifth survived the general release, he entered into a month prior.  Such flagrant disregard of this Court's Orders warrant reconsideration.

F.      **Sanctions in Not an Appropriate Remedy Under FRCP 5.2**

The proper remedy for the unanticipated and inadvertent disclosure of information is to replace the filing with an identical one with redactions. The Rule governing privacy protections for filing made with the court do not create a private right of action.  *See* Fed. R. Civ. P. 5.2; *See Carmax Auto Superstores, Inc. v. Sibley,* 194 F. Supp. 3d 392, 403 (D. Md. 2016)(*cited in George & Co. LLC v. Spin Master Corp.,* 2020 WL 3865098, at *8 (E.D.N.Y. July 7, 2020).  Irrespective of this, the cases cited by Plaintiff, all outside this jurisdiction, involve multiple disclosures of

-7-

personal identifying information. *See Reed v. AMCO Ins. Co.,* 2012 WL 1964094, at *1 (involving disclosure of information plus bad faith conduct in filing a document with plaintiff's electronic signature without his consent); *Weakley v. Redline Recovery Servs., LLC,* at *2 (S.D. Cal. Apr. 20, 2011); *Engeseth v. Cty. of Isanti, Minn.,* 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009) (involving disclosure of personal information for 179 individuals).

It is surprising to us that Plaintiff's counsel has yet to do anything, other than seek monetary sanctions, to protect his client's interests.  Had he truly wished to ensure Plaintiff's information does not appear on the docket he should have brought the issue to our attention sooner, rather than waiting three weeks and advising us in a memorandum of law.  We have since ensured that the document containing personal information is sealed.  We, therefore, respectfully request that the redacted version annexed to the Declaration of Lisa M. Griffith in Further Support of 666 Fifth's Motion to Dismiss ("Document 57-1") be put in place of the sealed document ("Document 46-11").  Alternatively, we respectfully request that Document 46-11 remained sealed and the redacted version, Document 57-1 be fully incorporated as if it had been filed as Exhibit K to the Declaration of Lisa M. Griffith in Support of 666 Fifth Defendant's Motion to Dismiss.  *See Open Soc'y Just. Initiative v. Trump*, No. 20 CIV. 8121 (KPF), 2020 WL 6286318, at *2 (S.D.N.Y. Oct. 27, 2020).

## V.    CONCLUSION

For the foregoing reasons, 666 Fifth respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint, in its entirety, pursuant to Rules 4, 5, 12(b)(1), (4), (5)

and (6) of the Federal Rules of Civil Procedure, and award it costs and attorneys' fees associated

with having to bring this Motion, as well as any further relief the Court deems just and proper.

Date:   August 17, 2021
             Melville, New York

*/s/Lisa M. Griffith*
Lisa M. Griffith
Keegan B. Sapp
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305 Melville,
New York 11747
(631) 247-4700

*Attorneys for Defendant*