UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ANTHONY SOLIS,                                              :
                                                           :
                    Plaintiff,                             :        **ORDER GRANTING MOTION
                                                           :        TO DISMISS**
        v.                                                 :
                                                           :        20 Civ. 5105 (AKH)
666 FIFTH ASOCIATES LLC,                                   :
                                                           :
                    Defendant.                             :
                                                           :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In July 2020, Plaintiff Anthony Solis brought the instant action against his former

employers, supervisor, and union, alleging discriminatory practices violation of federal, state,

and local law.  In October 2020, Plaintiff reached a settlement agreement with all defendants

other than 666 Fifth Associates LLC.  In subsequent months, Plaintiff sought to continue his suit

against 666 Fifth and filed an amended complaint in May 2021.  Defendant 666 Fifth moved to

dismiss, arguing, among other things, that it is covered by the October 2020 settlement

agreement, that it was never properly served, and that Plaintiff's EEOC Right to Sue letter is

deficient.  For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

### A.  The Complaint[1]

        Plaintiff Anthony Solis is a former employee of defendant 666 Fifth Associates

LLC ("666 Fifth" or "Defendant").  First Amended Compl. ("FAC") at ¶¶ 4, 20.  Plaintiff

---

[1] The facts contained in this section are based upon the factual allegations set forth in the First Amended Complaint
("FAC"), ECF No. 36, and I assume the allegations to be true in considering the motion to dismiss under Rule
12(b)(6).  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, the Court's
reference to these allegations should be not construed as a finding as to their veracity, and the Court makes no such
findings.

worked as a security guard for 666 Fifth and defendant Guard Management Services Corporation ("GMSC") from approximately 2012 through March 2020 at various locations in New York. *Id.* at ¶¶ 5, 23. With respect to Solis, 666 Fifth and GMSC operated as a single or joint employer of Solis, and each had control over the work Solis performed. *Id.* at ¶¶ 17–18. At times, 666 Fifth directly paid Solis for work he performed for GMSC. *Id.* at ¶ 19.

In April 2014, Solis was diagnosed with Type I Diabetes, which required him to adjust his lifestyle and occupational routines. *Id.* at ¶¶ 24–27. Defendant 666 Fifth neither informed Solis of his eligibility for protected leave nor made accommodations, such as allowing him to work at a single site so that Solis easily could store and administer insulin injections. *Id.* at ¶¶ 27–28. In 2019, Solis took a leave of absence due to his worsening health condition. In December 2019 Solis sought to return to work but received no response when he contacted his employers. *Id.* at ¶ 30.

In January 2020, Solis received notice that he had been terminated, which prompted him to seek assistance from his union representative at Local 32BJ, Service Employees International Union (SEIU). *Id.* at ¶¶ 32–33. By March 2020, Solis' union representative met with 666 Fifth and subsequently informed Solis he could be reinstated after signing the requisite paperwork. *Id.* at ¶¶ 34–35. At the same time, the COVID-19 pandemic became a public health emergency and Solis' doctor advised Solis to self-quarantine because of his vulnerability to COVID-19. *Id.* at ¶¶ 36, 38. Solis communicated that fact to his employers. *Id.* at ¶ 37. After being told he would be reinstated, Solis never received any reinstatement paperwork. *See id.* at ¶¶ 11, 39. When Solis contacted 666 Fifth about the status of the paperwork in May 2020, he was told he had been terminated for failing to complete the reinstatement paperwork. *Id.* at ¶ 40. This lawsuit followed.

### B. Procedural Background

Solis filed the first complaint on July 2, 2020, bringing claims against 666 Fifth, GMSC, Local 32BJ SEIU, and Solis' former supervisor Patrick Busgitch. *See* ECF No. 6. Solis alleges interference and retaliation in violation of the Family & Medical Leave Act (FMLA), failure to provide a reasonable accommodation and retaliation in violation of the Americans with Disabilities Act (ADA), discrimination and retaliation in violation of the New York State Human Rights Law (NYSHRL), discrimination and retaliation in violation of the New York City Human Rights Law (NYCHRL), discrimination and retaliation in violation of the Families First Coronavirus Response Act (FFCRA), and breach of contract in violation of the Labor Management Relations Act (LMRA). While GMSC and Local 32BJ executed waivers of service in July 2020, 666 Fifth never did, and service was not effected until May 19, 2021. *See* ECF Nos. 13–14.

In the months after filing suit, Plaintiff engaged in settlement negotiations and mediation with GMSC and Local 32BJ. By October 27, 2020 the parties reached an agreement and filed a Notice of Settlement with the Court. ECF No. 24. In relevant part, the Settlement Agreement provided that:

> Plaintiff . . . irrevocably, and unconditionally releases and discharges the Defendants [defined as GMSC, Local 32BJ, and Busgitch] and their respective shareholders, affiliates, subsidiaries, parent companies, employee benefit plans, employee benefit plan fiduciaries, insurers of employee benefits, **any co-employers or joint employers** . . . (collectively referred to hereinafter as the "Released Parties"), from any and all claims . . . which Plaintiff may have against any of the Released Parties, including any and all claims arising out of and/or in any way related to Plaintiff's employment with GMSC, and separation therefrom, the circumstances of Plaintiff's separation from that employment, or Plaintiff's membership in and/or representation by the Union . . .

Settlement Agreement at § 4 (emphasis added). The Settlement Agreement also provided that "this Agreement may be pled as a complete bar to any action or suit before any court or administrative body with respect to any lawsuit under federal, state, local, or other law relating to

any possible claim that existed or may have existed against the Defendants **or the Released Parties**." *Id.* at § 9 (emphasis added).

On October 28, 2021, I dismissed the case but provided that any party could apply for restoration of the action. ECF No. 25. On November 23, 2021 Plaintiff sought, via letter, to reopen the case against 666 Fifth only. ECF. No. 26. I denied that request, noting that Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires a motion in order to dismiss settling defendants but proceed against any remaining defendants. ECF No. 27. In December 2020, Plaintiff made another letter request to the same effect, a request I again denied on the same grounds. *See* ECF Nos. 28–32.

Five months later, on May 2, 2021, Plaintiff moved to reopen the case against 666 Fifth and to dismiss the case against the other defendants. ECF No. 34. I granted that motion on the condition that Plaintiff file an amended complaint identifying only 666 Fifth and effectuate service by June 20, 2021. ECF No. 35. Plaintiff then filed the First Amended Complaint ("FAC") and served 666 Fifth. Defendant 666 Fifth's motion to dismiss followed. ECF No. 45.

## DISCUSSION

Defendant argues that Plaintiff's suit is barred by the Settlement Agreement. Defendant's position is that Plaintiff's claim must be dismissed, either on mootness grounds under F.R.C.P. 12(b)(1) or for failure to state a claim pursuant to R. 12(b)(6). Defendant also argues that Plaintiff's EEOC Right to Sue letter is inadequate and that Plaintiff effectuated insufficient process, necessitating dismissal under Rules 4, 12(b)(4), and 12(b)(5).

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant, in essence, argues that the Court lacks subject matter jurisdiction because Plaintiff released any claims against Defendant in the Settlement Agreement and therefore lacks any cognizable interest in the instant suit. Def. Br. at 15. Plaintiff agreed to release all claims against Defendant, in addition to waiving any damages that arise from those

claims.  Plaintiff's claims against Defendant 666 Fifth are therefore moot and the Court lacks subject matter jurisdiction.

### 1.  Standard for Subject Matter Jurisdiction

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.*

"The existence of a real case or controversy is an irreducible minimum of the jurisdiction of the federal courts." *United States v. City of New York*, 972 F.2d 464, 469 (2d Cir. 1992). "A case or controversy becomes moot either when the injury is healed and only prospective relief has been sought, or when it becomes impossible for the courts to redress the injury through the exercise of their remedial powers." *Fund for Animals v. Babbitt*, 89 F.3d 128, 133 (2d Cir. 1996). "[F]ederal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'" *Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

"[W]hen a party has already been made whole for damage it claims to have suffered, the case is ordinarily moot." *Arizona Elec. Power Co-op., Inc. v. Fed. Energy Regulatory Comm'n*, 631 F.2d 802, 808 (D.C. Cir. 1980). A settlement has the effect of mooting subsequent claims by a third party contemplated in the settlement agreement. *See In re World Trade Center Lower Manhattan Disaster Site Litigation*, 828 Fed.Appx. 734, 736 (2d Cir. 2020)

### 2.  The Settlement Agreement Moots Plaintiff's Claims

"Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Tromp v. City of New York*, 465 F. App'x

50, 51 (2d Cir. 2012) (citations omitted).  On its face, the Settlement Agreement covers claims

against GMSC and any "co-employers or joint employers."  Settlement Agreement at § 4.

Plaintiff describes GMSC and 666 Fifth as joint employers in the Complaint, FAC at ¶ 17, and

does not contest that characterization in his brief.  *See* Pl. Br. at 5–6.  Defendant 666 Fifth is thus

a third-party beneficiary of the Settlement Agreement and may enforce its terms.  *See Bayerische*

*Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 52 (2d Cir. 2012).  That alone is

sufficient to dismiss the Complaint as moot.

　　　　　Plaintiff takes issue with that conclusion on two grounds, each of which is

unavailing.  First, Plaintiff argues that "Released Parties" cannot include 666 Fifth because

during settlement negotiations, GMSC and others "acceded to Plaintiff's revisions to remove

[666 Fifth] from the agreement."  Pl. Br. at 5.  But under New York law, "[e]xtrinsic evidence of

the parties' intent may be considered only if the agreement is ambiguous."  *Greenfield v. Philles*

*Records*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002); *see also Goldman v.*

*C.I.R.*, 39 F.3d 402, 405–06 (2d Cir.1994) ("where the language of a contract is unambiguous, its

meaning must be determined from the four corners of the instrument").  The Settlement

Agreement clearly and unambiguously includes "co-employers or joint employers" as "Released

Parties" and releases them from "any and all claims."  Settlement Agreement at § 4.

Additionally, the Settlement Agreement confirms that "Plaintiff acknowledges that Plaintiff has

not relied on any representations, promises, or agreements of any kind made to Plaintiff in

connection with Plaintiff's decision to accept this Agreement."  Settlement Agreement at § 19.

Plaintiff cannot now dispute the plain language of Settlement Agreement releasing 666 Fifth as a

joint employer.

　　　　　Second, Plaintiff alternatively argues that it should not be bound by the plain

language of the Settlement Agreement, either because of mutual mistake or because of Plaintiff's

unilateral mistake induced by Defendant's fraud.  Pl. Br. at 5–6.  In New York, to "reform a

contract based on mistake, a plaintiff must establish that the contract was executed under a mutual mistake or a unilateral mistake induced by the defendant's fraudulent misrepresentation." *Paraco Gas Corp. v. Travelers Cas. and Sur. Co. of America*, 51 F.Supp.3d 379, 390 (S.D.N.Y. 2014) (quoting *Lieberman v. Greens at Half Hollow, LLC*, 54 A.D.3d 908, 864 N.Y.S.2d 539, 540 (2008)).  There is a "heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties, and a correspondingly high order of evidence is required to overcome that presumption."  *Id.* at 390–91 (quoting *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 574 (1986)).

In support of his position, Plaintiff offers a single "redline" draft of the Settlement Agreement, which shows the deletion of 666 Fifth from one sentence in the Settlement Agreement.  That is far from enough for Plaintiff to carry his burden of demonstrating mistake.  *See Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F.Supp.3d 565, 581 (S.D.N.Y. 2016); *Core–Mark Int'l Corp. v. Commonwealth Ins. Co.*, 2006 WL 2501884, at *8 (S.D.N.Y. Aug. 30, 2006).  Contrary to Plaintiff's assertion, the deletion of an explicit reference to 666 Fifth in the definition of "Released Parties" does not establish the intent of the parties to exclude 666 Fifth from the terms of the settlement, especially since the terms of the Settlement Agreement *already* cover 666 Fifth as a co-employer or joint employer of GMSC.

Likewise, Plaintiff's position that "the conduct of counsel for [GMSC] in failing to disclose whether he will accept service on behalf of 666 Fifth nor whether he will represent the Defendant herein constitutes an act of fraud," Pl. Br. at 6, is unpersuasive.  To succeed on its fraud argument, Plaintiff must demonstrate "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation …; and (iv) resulting damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011).  Plaintiff fails to explain why it was a misrepresentation for GMSC's counsel to state, "I am not sure that we will be representing 666 Fifth."  *See* Pl. Br. at 6 (citing ECF No. 31-1).  Even

assuming that statement was false (and Plaintiff provides no evidence that it was), Plaintiff does nothing to demonstrate why the status of 666 Fifth's representation had any material bearing on his understanding of the terms of the Settlement Agreement.  Accordingly, Plaintiff's arguments are a far cry from demonstrating fraud with the specificity needed to avoid enforcement of the Settlement Agreement.

## CONCLUSION

I conclude that the unambiguous language of the Settlement Agreement extends to Plaintiff's claims against Defendant 666 Fifth.  The plain language of the Settlement Agreement is controlling, and Plaintiff may not reach outside the document to contest the parties' intent.  Even accepting the truth of the plausible, well-pleaded allegations of the Complaint, all of plaintiff's claims are barred by the Settlement Agreement and this case is dismissed as moot.  Because my findings as to the enforceability of the Settlement Agreement are dispositive, I do not address Defendant's arguments that Defendant was not served with sufficient process or that Plaintiff's EEOC Right to Sue letter is inadequate.  The oral argument scheduled for today, December 20, 2021, is canceled.  The Clerk shall terminate the motion (ECF No. 45) and enter judgment for the Defendant.


SO ORDERED.

Dated: December 20, 2021
           New York, New York

_____/s/_____
ALVIN K. HELLERSTEIN
United States District Judge